### TAFT v. MARSILY et al.

(Supreme Court, General Term, First Department. June 19, 1888.)

APPEAL—EXECUTION OF BOND—STAY OF PROCEEDINGS.

Giving the undertaking for costs and damages under Code Civil Proc. N. Y. § 1326, on appeal from an order granting a new trial, does not operate as a stay of proceedings, though section 1310 provides that when the appeal has been perfected by this "and the other acts, if any, required," it shall have that effect, but there must be a special order expressly directing a stay, when the court may require additional security, if necessary, to protect the respondent's interest.

Appeal from special term, New York county; BARRETT, Justice.

Plaintiff, Enos N. Taft, successor to John Todd, as assignee in bankruptcy, at special term, in May, 1887, recovered a judgment against Ferdinand Marsily and others, awarding to him the possession of a certain United States treasury draft, and enjoining the defendant Marsily from making any disposition of the same. The defendant appealed from the judgment. On the appeal the judgment of the special term was reversed, and a new trial granted. The plaintiff served notice of appeal to the court of appeals from the order of the general term, and gave the undertaking required by section 1326 of the Code. Defendant placed the cause on the special-term calendar, and moved it for trial, whereupon plaintiff objected to proceed on the ground that the proceedings under the general-term order were stayed by the appeal to the court of appeals, and the undertaking given thereon. The court overruled the objection, and directed the trial to proceed. Plaintiff brought forward no evidence, and his complaint was dismissed, and an extra allowance granted to defendant. Plaintiff thereupon moved at chambers to set aside the dismissal of his complaint, and all proceedings had thereunder. The motion was granted upon condition "that plaintiff give an additional undertaking on appeal, in the sum of $400, * * * to secure damages and costs which have already

accrued to the defendant Marsily," and the payment of $10 costs to the defendant; and, in the event of plaintiff's failure to comply with the conditions, the order denied the motion, with $10 costs. From that part of the order imposing the conditions plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and BARTLETT, JJ.

Henry D. Hotchkiss, for appellant. D. M. Porter, for respondents.

PER CURIAM. The general term reversed the judgment in favor of the plaintiff in this action, and granted a new trial. From the order granting a new trial the plaintiff has appealed to the court of appeals. He has given the undertaking for the payment of costs and damages on the appeal, as required by section 1326 of the Code of Civil Procedure; and he contends that, his appeal being thus perfected, it stays all proceedings to enforce the order appealed from without obtaining any order from the court or a judge expressly staying such proceedings. Section 1310 of the Code, which is contained in chapter 12, relating to appeals, provides that where an appeal has been perfected as prescribed in that chapter, "and the other acts, if any, required to be done to stay the execution of the judgment or order appealed from have been done, the appeal stays all proceedings to enforce the judgment or order appealed from." The Code does not, in express terms, require any security, in addition to the undertaking for costs, to be given on an appeal from an order of the general term granting a new trial. "Hence," says the appellant, "on such an appeal, there is no provision of law requiring any other act to be done in order to obtain a stay." According to this view, when such an appeal is perfected by giving the required undertaking for costs, it operates, of itself, to stay all proceedings under the order. This, certainly, was not the law under sections 339 and 342 of the old Code of Procedure, from which section 1310 of the new Code of Civil Procedure is derived. The rule under the old Code was that, where the statute did not expressly require security to be given as a condition precedent to a stay, proceedings could only be stayed by order, in which case the order might require such security to be given as was necessary to protect the interests of the respondent. In Post v. Doremus, 1 Hun, 521, 525, the court said: "The only way in which the proceedings in the court below can be stayed after an order for a new trial has been made, is by a motion directly to the court for that purpose, where the proper terms can be imposed as to security, so as to protect the respondent against loss if the court of appeals should have affirmed the order." The case was affirmed on this point in the court of appeals, (60 N. Y. 371,) where FOLGER, J., said that proceedings could not be stayed by the mere giving of the undertaking for costs which was necessary to render the appeal effectual; but, if the appellant's object was to stay proceedings, it could not be attained otherwise than by an order of the supreme court, or a stipulation from his opponent. The presence of the words "if any," in section 1310 of the Code of Civil Procedure, afford some support to the appellant's construction of that section. In our opinion, however, the legislature did not intend, by the introduction of these words, to change the pre-existing law as found in those provisions of the former Code of which the present section is made up. "Where an appeal has been perfected, * * * and the other acts, if any, required to be done to stay the execution of judgment or order appealed from have been done, the appeal stays all proceedings." Section 1310. When this section was enacted, what were the other acts, in addition to perfecting the appeal, required to be done in order to stay proceedings? One of these acts was to obtain an order expressly directing a stay, except in those cases where the statutes provided for a stay upon giving security. We do not think the change of phraseology, due to the revision and amplification of the old Code of Procedure, has dispensed with the necessity of such an order where it is desired to stay proceedings upon an appeal from an order granting a new trial. The court below

was justified in imposing the terms which it did as a condition of granting the stay, and the order appealed from should therefore be affirmed, with costs and disbursements.